UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| FELIX CONFORME,  Plaintiff, | : : : |
| v. | : C.A. No. 13-443ML |
| WILLIAM GALLIGAN,  Defendant. | : : : |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

On June 13, 2013, Plaintiff Felix Conforme, a prisoner held at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island, filed a hand-written form Complaint *pro se* against William Galligan, a lieutenant employed at the ACI, seeking an order to permit his family to visit and put money in his account, as well as "money for pain an[d] suffering." The Complaint was accompanied by an unsigned motion for leave to proceed *in forma pauperis* ("IFP"), which did not include the required certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the Complaint. The IFP motion has been referred to me and is now ripe for determination.

   **I.   IFP Motion**

I recommend that Conforme's IFP motion be denied because it is unsigned and does not attach the required certified copy of his prison trust account. If he should refile his IFP motion, he must not only sign it under penalty of perjury, 28 U.S.C. § 1915(a)(1), but also must append a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the action. 28 U.S.C. § 1915(a)(2). For example, if filed in this action, the statement must cover the period from December 13, 2013, to June 12, 2013. If he has been

confined at more than one institution during that period, he should submit a statement from each facility during the period.  Each copy must show the credits and debits to his account, as well as the monthly balances.  If he had no account during the relevant period, he should submit a certified statement from an official at the facility so stating.  The Court also notes that the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), prohibits IFP status for a prisoner who has brought three or more cases that were dismissed as frivolous or for failure to state a claim.  Conforme has already had one case dismissed for failure to state a claim.  Conforme v. Casavant, C.A. No. 12-296-M, slip op. (D.R.I. June 6, 2012), dismissed (D.R.I. July 11, 2012).  The present case could ripen into a second.

## II.     Screening of Complaint

In addition to recommending that the Court deny Conforme's motion to proceed IFP, I have also screened his Complaint as mandated pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.  Based on that review, I conclude that it is subject to dismissal for failing to state a claim upon which relief may be granted pursuant to both provisions; accordingly, I recommend that, following an opportunity to amend, it be dismissed.

The Complaint alleges simply that, on May 24, 2013, people were removed from Conforme's visiting list, he was told he cannot add people and cannot get visits or money.  In his prayer for relief, he refers to the excluded visitors as "family."  The target of this Complaint is an employee of a governmental entity, who potentially enjoys qualified immunity provided that his conduct does not violate clearly-established federal statutory or constitutional rights of which a reasonable person would have known.  Hope v. Pelzer, 536 U.S. 730, 739 (2002).  The Complaint is completely devoid of any information about what happened or whether Conforme is claiming that some action of the defendant deprived him of a right secured by the Constitution

or laws of the United States.  See Overton v. Bazzetta, 539 U.S. 126, 129 (2003) (access to family may be restricted based on considerations of institutional administration, security and rehabilitation).  While denial of access to family may rise to a level that is actionable in federal court, in this bare bones state, Conforme's Complaint fails to lay out a plausible claim for relief against the defendant.  Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).  Accordingly I recommend that this Court order Conforme to file an Amended Complaint within thirty days of the date of the Court's Order.  Brown v. Rhode Island, No. 12-1403, 2013 WL 646489, at *3 (1st Cir. Feb. 22, 2013) (per curiam).  If an Amended Complaint is not filed within thirty days, I recommend that this action be dismissed.

### III.    Conclusion

In light of the foregoing, I recommend that the motion for leave to proceed *in forma pauperis* be DENIED and that Plaintiff be ordered to file an Amended Complaint within thirty days of this Court's Order.  If an Amended Complaint is not timely filed, I recommend that this action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (dismissal of suits that fail to state a claim on which relief may be granted) and 28 U.S.C. § 1915A (dismissal of suits against governmental officers because they fail to state a claim on which relief may be granted).

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days after the date of service.  See Fed. R. Civ. P. 72(b).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 24, 2013